UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TROY PAUL (#571930)

VERSUS                                                    CIVIL ACTION

ELAYN HUNT CORRECTIONAL                                   NUMBER 15-90-JWD-SCR
CENTER, ET AL

**RULING**

Pro se plaintiff Troy Paul, while an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Hunt Correctional Center, Warden Tanner, an unidentified assistant warden, Cadet L. Mack, Sgt. Speck and Capt. Wells. Plaintiff alleged that he was sprayed with mace without provocation in violation of his constitutional rights. Specifically, the plaintiff alleged that on February 4, 2015, he was sitting on his bed listening to a radio when Cadet Mack asked him if he was responsible for a chicken bone located in front of his cell. Plaintiff alleged that he responded that the orderly may have dropped the chicken bone when he emptied the lunch trays.

Plaintiff alleged that Capt. Wells entered the tier and stated that if the chicken bone is in front of your cell it is your charge. Plaintiff alleged that Capt. Wells instructed Sgt. Speck to open the plaintiff's cell door and then he instructed the plaintiff and his cell mate to exit the cell and face the wall. Plaintiff alleged that Capt. Wells and Sgt. Speck searched his cell and threw items out of the cell. Plaintiff alleged that one item struck him in the face. Plaintiff alleged that he looked around and was told to face the wall. Plaintiff alleged that following the search he was returned to his cell. Plaintiff alleged that approximately 30 minutes later, Capt. Wells ordered him and his cell mate to remove their clothing and hand it to him. Plaintiff alleged that he and his cell mate were ordered

to bend over and spread the cheeks of their buttocks. Plaintiff alleged that when they complied, Capt. Wells sprayed the cheeks of their buttocks with mace and continued to spray mace into the cell. Plaintiff alleged that he was examined by an emergency medical technician following the incident. Plaintiff alleged that he was not issued a disciplinary report. Plaintiff sought compensatory damages and injunctive relief.

On February 25, 2015, the plaintiff's motion to proceed in forma pauperis was granted and the plaintiff was ordered to pay an initial partial filing fee in the amount of $18.06.[1]

On March 9, 2015, the service copy of the February 25, 2015, order was returned undelivered. The service copy was sent to the plaintiff at Hunt Correctional Center, his last known address. However, the mail was returned undelivered with a notation on the envelope which stated return to sender, not at EHCC.[2] The mail was not deliverable as addressed and could not be forwarded.[3]

Uniform Local Rule 41(b)(4) provides that the failure of a *pro se* litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days. Plaintiff has failed to keep the court apprised on his current address. Imposition of sanctions short of dismissal without prejudice would be ineffective in the circumstances of this case.

Accordingly, the suit shall be dismissed without prejudice for failure to prosecute pursuant

---

[1] Record document number 3.

[2] Record document number 6.

[3] *Id.*

to Louisiana Uniform Local Rule 41(b)(4).[4]

Signed in Baton Rouge, Louisiana, on April 16, 2015.

						**JUDGE JOHN W. deGRAVELLES**
						**UNITED STATES DISTRICT COURT**
						**MIDDLE DISTRICT OF LOUISIANA**

---

[4] A dismissal without prejudice would not operate as a with prejudice dismissal in this case due to the one year time limit to file suit under § 1983. According to the complaint, the alleged incident occurred on February 4, 2015. Plaintiff still has ample time to file another complaint asserting his claims.